No. 17,416.

LININGER *v.* BUCHANAN ET AL.
(279 P. [2d] 671)

Decided January 10, 1955.

Messrs. DUNKLEE & DUNKLEE, Mr. W. RUSSEL EDDY, for plaintiff in error.

Mr. RICHARD H. SIMON, for defendants in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the Court.

DEFENDANTS in error, doing business as Buchanan & Haeffner, during the summer and fall of 1948 were

6

engaged in the plumbing and heating business in Englewood, Colorado. Plaintiff in error, herein designated as plaintiff, as owner, had constructed a new building in Englewood and at his instance and request, defendants installed a heating plant therein. During the intervening period and prior to April, 1950, defendants, on an occasion or two, serviced the plant as to minor matters. Plaintiff, a dentist, with whom his son was associated, occupied offices in the building. Plaintiff exercised general superintendency of his building and in January of 1950, left on a vacation, leaving his son in charge of the building. He advised the son that if anything went wrong with the operation of the heating plant to call a Mr. Lay, an engineer in the employ of defendants. About April 14, 1950, the son observed water dripping from a pipe; he found a plug lying near, and he inserted the plug in a relief valve on the furnace. Upon plaintiff's return, the son advised him of the leak and that he had stopped the leak by replacing a plug. On April 14, plaintiff observed water escaping from the boiler and he made an appointment with Mr. Lay to meet him at the building the next morning. At the meeting on the following morning, plaintiff and Mr. Lay found that a section of the boiler had cracked and that the crack was caused because the son had placed a plug in the relief valve, preventing the valve from operating and allowing pressure to build up and it finally causing a break at the weakest point. This being Saturday morning, plaintiff and Lay discussed the matter of repairing the crack and Lay did not recommend an attempted repair; however, plaintiff insisted that there be some temporary repair in order to have heat in the building over the weekend. Because a section for the boiler could not be purchased on a Saturday, a temporary repair job was agreed upon and a welder was called from another shop; when the welding was finished, Lay installed a new relief valve, filled the boiler with water, and lighted same. Lay left the building about 2:30 o'clock in the afternoon and

later plaintiff called him to come back and check the plant, and around 5:30 o'clock, P. M. Lay arrived at the plant and found that the same section had blown out while plaintiff was standing directly in front of the boiler, throwing scalding water over him resulting in severe burns necessitating hospitalization.

On April 4, 1953, plaintiff filed his complaint in the district court of Denver for damages, and on motion, venue was changed to Arapahoe county. Plaintiff alleged that defendant had installed a defective boiler in an improper and negligent manner, which required plaintiff to call defendants on several occasions for alterations and repairs; that the boiler developed 'a crack; that upon call, defendants sent their workman who had the crack welded and negligently left the boiler in a dangerous condition with the front protection plate off; that the workman stated he would return early in the afternoon to check the plant; that the workman, not having returned, plaintiff entered the room where the boiler was located; that the boiler exploded, injuring plaintiff; and that as a result thereof plaintiff was damaged in the sum of $30,000.00.

Defendants filed their answer admitting installation of the boiler; denying the boiler was defective or installed in an improper or negligent manner; admitting they were called to repair the boiler; and denying all other allegations of the complaint. They also alleged that plaintiff, his agents or servants, negligently and carelessly plugged the relief valve on said boiler, causing a section of the boiler to crack; that defendants made a temporary repair and advised plaintiff that the section was so temporarily repaired; and finally, defendants alleged that plaintiff's injuries were proximately caused by the negligence of plaintiff, his agents or servants, and also by reason of contributory negligence on the part of plaintiff. In January of 1954, after notice to plaintiff, defendants filed an amendment to their answer, setting up a counterclaim against plaintiffs in the sum

of $223.40 for labor and materials furnished plaintiffs for repair during the period here involved. Plaintiff filed denial of the allegations of the counterclaim.

Trial was commenced to a jury on January 21, 1954. Plaintiff testified, and his son was called as a witness, as was also Mr. Lay, the foreman engineer for defendants, and a Mr. McNevin, a plumbing and heating engineer. At the close of plaintiff's case, defendants moved to dismiss the complaint for the reason that there was no evidence before the court and jury upon which the jury could properly find defendants guilty of any acts of negligence as alleged in the complaint which contributed to, or caused, plaintiff's alleged damages. On consideration of the motion, the court found, "That viewing the evidence in all inferences most favorably to plaintiff, there is no controverted material issue of fact for the jury, nor any substantial evidence to take the case to the jury, and plaintiff has shown no right to relief." The court further found that defendants did perform the labor and furnish the materials for repair to plaintiff's boiler at the request of plaintiff. It then was ordered that plaintiff's action be dismissed with prejudice and that defendants have judgment against plaintiff in the sum of $223.40. Motion for new trial was dispensed with, and proceedings upon the writ of error issued herein obtained by plaintiff followed.

The argument presented rests solely on the claimed error of the trial court in granting defendants' motion to dismiss.

■ We find from a careful reading of the record that the material facts seem undisputed and the evidence is generally free of conflict; that the facts so presented by plaintiff and his witnesses were such as to justify the trial court in determining, as a question of law, that plaintiff had not established a case for relief.

It positively was established that the crack in the boiler was caused by plaintiff's son inserting a plug in the safety valve, and there is no testimony whatever

that the boiler was not operating properly before the crack occurred. The son, as agent, contrary to instructions, did the thing that caused the accident and which was the proximate cause of plaintiff's injuries. Plaintiff hesitatingly admitted that the crack in the boiler was caused by the plug that his son had placed in the relief valve. There is no evidence of any kind that the furnace or boiler was improperly or negligently installed or that there was any other condition about the boiler that was dangerous or due to any fault or negligence of defendants, and there was no evidence that defendants did not make proper repairs. There is no evidence that the valve was defective, and an unusual situation obtains, in that plaintiff, in some matters of minor importance, contradicted his own witnesses.

There being no testimony to the effect that defendants did or did not do anything for which liability would attach, the trial court was unmistakably correct in sustaining defendants' motion to dismiss; accordingly, the judgment is affirmed.

MR. CHIEF JUSTICE STONE and MR. JUSTICE KNAUSS did not participate in the consideration of this case.